MILLER–LINK LUMBER CO. v. THOMPSON et al. (No. 187.)

(Court of Civil Appeals of Texas. Beaumont. March 15, 1917.)

ADVERSE POSSESSION &wkey;116(8) — INSTRUCTIONS—BURDEN OF PROOF.

The only question in trespass to try title submitted to the jury being whether defendant's house was on the section, paper title to which was shown in plaintiff, but which defendant claimed under the ten-year statute, it was error after charging that the burden of proof rested on plaintiff to show by a preponderance of the evidence the material allegations in the petition to charge that in answering the question submitted the jury would bear in mind that this burden rests on plaintiff.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. § 66.]

Appeal from District Court, Jasper County; E. A. Davis, Judge.

Action by the Miller-Link Lumber Company against Jas. H. Thompson and others. Judgment for defendants, and plaintiff appeals. Reversed, and remanded for new trial.

Holland & Holland of Orange, for appellant. W. R. Blain, of Beaumont, and Smith & Lanier, of Jasper, for appellees.

BROOKE, J. This is a suit of trespass to try title, brought by appellant against appellees, to recover section No. 60, Texas & New Orleans Railroad Company survey in Jasper county, Tex. Plaintiff described the lands and premises as follows:

"640 acres of land in Jasper county known as section No. 60 Texas & New Orleans Railroad company certificate No. 223 on the waters of Mill creek about 43 miles south of the town of Jasper, beginning at the S. W. corner of section No. 59, from which a pine bears N. 56° E. 17 vrs., a pine brs. S. 29° W. 5½ vrs.; thence S. 1,900 vrs. to stake for corner from which a pine brs. S. 14° E. 6 vrs., a pine brs. S. 11° W. 10 vrs.; thence E. 1,900 vrs. to the S. W. corner of section No. 41; thence N. 1,900 vrs. to the S. E. corner of section No. 59, S. W. corner of section No. 42, and the N. W. corner of section No. 41, made for the Texas & New Orleans Railroad Company; thence W. 1,900 vrs. to the place of beginning."

The defendant disclaimed as to all of the land sued for, save and except a specific 160 acres, and as to said 160 acres claimed the same under the ten-year statute of limitations.

The case was tried before a jury, and upon their verdict a judgment was entered for the defendants for the 160 acres claimed by them, and, after motion for new trial had been overruled, this appeal was properly perfected.

The title of appellant to section No. 60, as described in the petition, is undisputed from the sovereignty, and the occupancy of the property occupied by appellees for the required ten-year period and in the manner required by the statute is likewise undisputed. The dispute seems in this case to have been as to the true location of section 60 upon the ground. Section 60 is a school section, and was patented October 27, 1905. There are none of the calls contained in the patent discoverable at the present time upon the ground, and the location of section 60 must be had by locating other surveys called for by its field notes upon the ground, according to their field notes, and thereby, by course and distance, giving section 60 its true location.

The first, second, and fourth assignments of error are as follows:

(a) The court erred in refusing to instruct the jury to return a verdict in favor of plaintiff, as requested by plaintiff in its special charge No. 1 submitted to the court.

(b) The court erred in submitting to the jury question No. 1, for the reason that there was no testimony admitted on the trial legally presenting the issue of fact as to the location of defendant's improvements being on section No. 60 sued for.

(c) The court erred in refusing to enter judgment for plaintiff after the verdict of the jury was returned, and in overruling plaintiff's motion to enter judgment, for the reasons therein shown.

The proposition urged by the appellant under these three assignments is as follows:

"The true location of a tract of land is determined and fixed on the ground by the field notes under which it was patented, and cannot be moved or changed by older field notes of the same survey or any prior location thereof, or by reference to older field notes of adjoining surveys."

In the main, we agree to this proposition as being correct, and under the facts in this case we are of opinion that the question to be decided was a question of fact as to where

the location was on the ground of section 60, under the field notes in the patent, and which were described in plaintiff's petition. Apparently there was some uncertainty in the minds of the jury as to what they were instructed to do by the charge of the court. The charge of the court, as submitted on this proposition was as follows:

"Is the house and improvements of the defendant located on Texas & New Orleans section No. 60? You will answer this question 'Yes' or 'No,' as you may determine the fact to be."

It is urged that there were two surveys and field notes of section 60, one made perhaps in 1872 or 74, and which survey was afterwards corrected by the field notes under which the patent issued. However, the jury might have understood the question or charge of the court to mean either section 60 as located upon the ground by the original survey, or section 60 as located upon the ground by the corrected field notes embraced in the patent. The fact remains that the jury found that the improvements of appellees were on section 60. It is strenuously urged by the appellant that the testimony is undisputed that the field notes under which the patent issued, if placed upon the ground, will in no wise conflict with any of the 160 acres successfully claimed by the appellees under their plea of ten years' limitation. A careful consideration of the testimony, while not conclusive, seems to favor this contention. However, the verdict of the jury will not be disturbed on this finding, and therefore the above assignments are overruled.

The third assignment is as follows:

"The court erred in instructing the jury that the burden of proof rested upon the plaintiff to show the material allegations in its petition by a preponderance of the evidence, and in answering the question submitted to the jury by the court that the burden of proof rested upon the plaintiff, because the only question submitted to the jury by the court was one applicable to the plea of limitation by the defendants, and as to said plea the burden of proof rested on the defendants."

The proposition under this assignment is that:

"The burden of proof rested upon the person pleading limitation to establish such plea by the evidence."

The charge of the court was as follows:

"The burden of proof rested upon the plaintiff to show by a preponderance of the testimony the material allegations in its petition, and in answering the question submitted to you you will bear in mind that this burden rests upon the plaintiff."

Thereafter the trial court submitted to the jury one question, and only one, under the heading of question No. 1, as above set out, and which was as follows:

"Is the house and improvements of the defendant located on Texas & New Orleans Railroad Company section No. 60? You will answer this question 'Yes' or 'No,' as you will determine the fact to be."

The plaintiff objected to the charge of the court in due season, and presented to the trial court, before the charge was read to the jury, the following objection, and reserved, in due season, a bill of exception to the refusal of the trial court to correct the charge, to wit:

"Plaintiff objects to that portion of the charge wherein the court instructs the jury that the burden of proof rests upon the plaintiff to show the material allegations because the burden of proof rests upon the defendant to establish by a preponderance of the evidence the only question submitted to them for determination by the court."

We are of opinion that this assignment must be sustained. Defendant was claiming under the ten-year statute of limitation. Plaintiff had shown a paper title to the land. His right to recover depended solely, it seems, on whether or not the defendant had established the limitation title pleaded. We believe that the pleadings and the evidence presented the issue plainly, and that it was placing an unnecessary burden on the shoulders of the plaintiff, and more than was required by law.

As said in the case of Boswell et al. v. Pannell, 180 S. W. 595:

"The burden of proof never shifts from the plaintiff to the defendant, but is upon the plaintiff throughout the trial to establish by a preponderance of the evidence the affirmative of the issue or issues upon which he relies for a recovery. It is an old and well-settled rule that the burden of proof rests upon the plaintiff to establish his case by a preponderance of the evidence. It has been so long in use that many consider it a mere formality, but it is not so. It is not idle ceremony, but its office is important, and indeed indispensable, in the administration of justice. * * * But it is one of those rules which operates alike for the plaintiff and the defendant; that is, the burden is on the plaintiff to establish by a preponderance of the evidence the issues upon which he relies for a recovery, and likewise it is upon the defendant to establish his defenses to the plaintiff's alleged cause of action by a preponderance of the evidence. So that, when the court charges the jury. he should apply the rule to the plaintiff's alleged cause of action, and then apply it also to the defendant's defense or defenses. These rules of practice are familiar to all, and require no citation of authorities. If, therefore, the charge shifted the burden of proof to the defendant Barrow to disprove the allegations essential for the plaintiff to prove in making out his case, it would be erroneous."

We see no occasion to multiply authorities or to burden this record with a further discussion of the well-settled rule of law.

Therefore, for the error noted, this cause is reversed, and remanded for a new trial.